E-FILED
Thursday, 07 January, 2016  01:54:21 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| FARON DAVENPORT, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 15-CV-2262 |
| | ) | |
| ATTORNEY DANIEL JACKSON, | ) | |
| JUDGE KENNEDY, | ) | |
| URBANA POLICE DEPT., | ) | |
| CHAMPAIGN COUNTY | ) | |
| PROSECUTORS OFFICE, and | ) | |
| CARLE HOSPITAL, | ) | |
| | ) | |
| Defendants. | ) | |

**MERIT REVIEW OPINION**

Plaintiff is currently incarcerated in the Illinois Department of Corrections and has filed this case pro se.  The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "'state a claim for relief that is plausible on its

face.'"  <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

## ALLEGATIONS

Plaintiff alleges that, on a date he cannot remember, he was transported by ambulance to Carle Hospital where "he was physically attacked by Carle Hospital security and medical staff", placed in a leather restraints, and then falsely accused by the Carle medical and security staff of aggravated battery against one of the Carle Hospital security guards.[1]  The Urbana police arrested Plaintiff based on the allegedly false statements by Carle employees that Plaintiff had punched a security guard in the face, knocking out the security guard.  Plaintiff was charged with aggravated battery, but the charges were later dropped, allegedly because a video recording exonerated Plaintiff.  Since then, Plaintiff's criminal defense attorney in the matter, Daniel Jackson, has allegedly ignored or refused Plaintiff's efforts to obtain a copy of the video

[1] The Court is not entirely certain, but Plaintiff appears to be referring to <u>People v. Davenport</u>, 11-CF-1832 (Champaign County).  In that case, Plaintiff was charged on November 7, 2011, with aggravated battery of a peace officer.  Mr. Jackson represented Plaintiff in that case, and the charges were dismissed on May 29, 2012, after the service of subpoenas for unspecified information.  The docket states that on May 23, 2013, "Defendant's request for return of D.V.D. video is DENIED."  www.cccircuitclerk.com (criminal case look-up).  As stated later in this opinion, Plaintiff states no claim for false arrest, but, even if he did, the false arrest claim would have accrued on November 7, 2011, more than two years before his filed this case in November of 2015, which means the claim would be barred by the 2-year statute of limitations.  <u>Serino v. Hensley</u>, 735 F.3d 588 (7th Cir. 2013)(<i>citing</i> <u>Wallace v. Kato</u>, 549 U.S. 384, 387 (2007)(Statute of limitations starts to run on Fourth Amendment false arrest claim when "claimant becomes detained pursuant to the legal process.").

recording.  However, Attorney Jackson allegedly gave the recording to Judge Kennedy when Judge Kennedy asked for it in a different criminal proceeding against Plaintiff which allegedly had nothing to do with the recording.  Plaintiff believes that Judge Kennedy wanted the video in order to engage in "damage control," because Judge Kennedy's wife allegedly holds an executive position at Carle Hospital.

## ANALYSIS

The Court cannot discern any federal claims from Plaintiff's allegations.

If Plaintiff is claiming that his criminal defense counsel acted unethically or committed malpractice, those claims do not state violations of federal law.  A malpractice claim against Plaintiff's attorney is a state law claim, and the Illinois Attorney Registration and Disciplinary Commission is the proper audience for reports of alleged attorney misconduct.  *See* Polk County v. Dodson, 454 U.S. 312 (1981)("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding").  If Plaintiff is trying to make out a malicious prosecution claim, that is a state law claim as well.

*See* <u>Smith v. Lamz</u>, 321 F.3d 680, 684 (7th Cir. 2003).  If Plaintiff is trying to pursue claims against the Carle employees for their alleged false accusations,  that is also no federal claim because the Carle employees are not government employees.  42 U.S.C. § 1983 (action for constitutional violations may proceed only against individuals acting under "color of state law").

As to Judge Kennedy, Judge Kennedy violated no federal law by asking for a copy of the video recording, and, in any event, Judge Kennedy is absolutely immune if Plaintiff is challenging any orders by Judge Kennedy.  <u>Coleman v. Dunlap</u>, 695 F.3d 650, 652 (7th Cir. 2012)(judges are immune from suit for actions taken in their judicial capacity).  Prosecutors are also immune from a civil lawsuit for initiating and pursuing a criminal prosecution.  <u>Imbler v. Pachtman</u>, 424 U.S. 409, 431 (1976).

The police officers who arrested Plaintiff have not been named, but even if they had been named Plaintiff states no Fourth Amendment claim for false arrest.  Plaintiff admits that he was arrested based on statements by the Carle medical and security staff that Plaintiff had punched a Carle security guard in the face, knocking out the security guard.  Generally, a victim's complaint is

"sufficient to establish probable cause, unless the officer has a reason to question the witness' account." Reynolds v. Jamison, 488 F.3d 756 (7th Cir. 2007).  No allegations suggest that the officers who arrested Plaintiff had any information that the complaining witnesses were unreliable.  In any event, a Fourth Amendment claim would be barred by two-year the statute of limitations.  *See note 1 above;* Bryant v. City of Chicago, 746 F.3d 239, 241 (7th Cir. 2014)(In Illinois, section 1983 actions are subject to the two-year statute of limitations in 735 ILCS 5/13-202).

**IT IS ORDERED:**

1)   Plaintiff's complaint is dismissed for failure to state a federal claim.

2) The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

3)   This dismissal shall count as one of the plaintiff's three allotted "strikes" pursuant to 28 U.S.C. Section 1915(g).

4)   Plaintiff must still pay the full filing fee even though his case has been dismissed.  The agency having custody of Plaintiff

shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

5)     If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment.  Fed. R. App. P. 4(a).  A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal.  See Fed. R. App. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

6)     The clerk is directed to record Plaintiff's strike in the three-strike log.

7)     Plaintiff's motion for counsel is denied as moot (5).

ENTERED:  01/07/2016

FOR THE COURT:

**s/James E. Shadid**
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE